THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| TRACFONE WIRELESS, INC., a Delaware corporation,<br><br>    Plaintiff,<br>v.<br><br>DELTA GAMES, INC.; MOHAMAD FARHAT; HASSAN MATAR; MUJIB SULEIMAN; REYNALDO VAZQUEZ; and DOES 1-50,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§ CASE NO.: 5:08-cv-00495 SGL-SSx<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**FINAL JUDGMENT AND PERMANENT INJUNCTION
AGAINST DEFENDANTS DELTA GAMES, INC.,
MOHAMAD FARHAT AND HASSAN MATAR**

Plaintiff, TracFone Wireless, Inc. ("TracFone"), a Delaware corporation, brought the above-captioned lawsuit against Delta Games, Inc., a California corporation ("Delta Games"), Mohamad Farhat, individually and Hassan Matar, individually (Delta Games, Mohamad Farhat and Hassan Matar are collectively referred to as "Defendants"), alleging that the Defendants are engaged in an unlawful enterprise involving the acquisition, sale and alteration of large quantities of TracFone and TracFone's NET10 branded prepaid wireless telephones ("TracFone/NET10/Safelink Prepaid Phones" or "Phones") purchased from various retail outlets such as Wal-Mart, Target and Sam's Club, the solicitation and payment of others to bulk purchase TracFone/NET10/Safelink Prepaid Phones for Defendants' benefit, computer hacking and erasing or otherwise disabling the prepaid software ("TracFone/NET10/Safelink Prepaid Software") installed in the Phones essential for consumers to access TracFone's prepaid wireless network, or reselling the Phones to others who disable the software, and ultimately selling the altered Phones as new under TracFone's trademarks for the unauthorized use outside of the

1

TracFone prepaid wireless system for profit (the "Bulk Resale Scheme").

TracFone/NET10/Safelink Prepaid Phones are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of TracFone/NET10/Safelink Prepaid Phones. These Terms and Conditions are set forth in printed inserts that are included in the packaging with every TracFone Phone, and are also available to the public on TracFone's website. The Terms and Conditions are also referenced in printed warnings that are placed on the outside of the retail packaging of the Phones. The Terms and Conditions and language on the packaging constitute a valid binding contract.

Pursuant to the Terms and Conditions and the language on the packaging, purchasers of TracFone/NET10/Safelink Prepaid Phones agree: (a) to use the Phones only in conjunction with the TracFone/NET10/Safelink prepaid wireless service; (b) not to tamper with or alter TracFone/NET10/Safelink Prepaid Phones or the Phones' software, enter unauthorized PIN numbers in the Phones, engage in any other unauthorized or illegal use of the Phones or the TracFone/NET10/Safelink service, or assist others in such acts; and (c) not to export any TracFone/NET10/Safelink Prepaid Phones outside of the TracFone/NET10/Safelink wireless system coverage area ("Coverage Area"). In violation of the Terms and Conditions, Defendants have, among other things, unlawfully exported TracFone/NET10/Safelink Prepaid Phones to foreign countries outside of the Coverage area or knowingly facilitated others who have done so; facilitated others to use the Phones without the TracFone/NET10/Safelink prepaid wireless service; and altered TracFone/NET10/Safelink Prepaid Phones and the Phones software or facilitated others who have done so.

As a result of Defendants' involvement in the Bulk Resale Scheme, TracFone asserted claims against the Defendants for federal trademark infringement under 15 U.S.C. § 1114; federal unfair competition under 15 U.S.C. § 1125(a); contributory trademark infringement;

copyright infringement under Title 17 of the United States Code; circumvention of technological measures that control access to copyrighted software and trafficking in services that circumvent technological measures protecting copyrighted software under 17 U.S.C. § 1201, *et. seq.* as a violation of the Digital Millennium Copyright Act ("DMCA"); breach of contract; tortious interference with prospective contractual relationships; common law unfair competition; and dilution of TracFone's trademarks under California Business & Professional Code § 14200, *et. seq.* Accordingly, it is hereby,

                **ORDERED**, **ADJUDGED** and **DECREED** that:

        1.      This Court has jurisdiction over all the parties and all of the claims set forth in TracFone's complaint.

        2.      The Court finds that TracFone owns all right, title, and interest in and to United States Trademark Registration No. 2,114,692, issued on November 18, 1997 and based on a first use date of June 30, 1996; United States Trademark Registration No. 2,761,017, issued on September 9, 2003 and based on a first use date of December 2000; United States Trademark Registration No. 3,224,929, issued on April 3, 2007 and based on a first use date of December 31, 2005; United States Trademark Registration No. 3,222,623, issued on March 27, 2007 and based on a first use date of December 31, 2005; United States Trademark Registration No. 3,118,250, on July 18, 2006 and based on a first use date of March 1, 2005; United States Trademark Registration No. 3,255,754, issued on June 26, 2007 and based on a first use date of December 31, 2005; United States Trademark Registration No. 3,253,506, issued on June 19, 2007 and based on a first use date of December 31, 2005; and United States Trademark Registration

3

No. 3,251,389, issued on June 12, 2007 and based on a first use date of December 31, 2005 (collectively the "TracFone Trademarks").

       3.     The TracFone Trademarks are valid, distinctive, protectable, famous, have acquired secondary meaning and are associated exclusively with TracFone. The Court finds that the trademark registered under Registration No. 2,114,692 is incontestable.

       4.     The Court further finds that TracFone holds a valid and enforceable copyright registration, TX 6-515-894, on the TracFone Prepaid Software.

       5.     The Court finds that the Defendants' involvement in the Bulk Resale Scheme constitutes: federal trademark infringement under 15 U.S.C. § 1114; federal unfair competition under 15 U.S.C. § 1125(a); contributory trademark infringement; copyright infringement under Title 17 of the United States Code; circumvention of technological measures that control access to copyrighted software and trafficking in services that circumvent technological measures protecting copyrighted software under 17 U.S.C. § 1201, *et. seq.* as a violation of the Digital Millennium Copyright Act ("DMCA"); breach of contract; tortious interference with prospective contractual relationships; common law unfair competition; and dilution of TracFone's trademarks under California Business & Professional Code § 14200, *et. Seq*.

       6.     The Court finds that the Terms and Conditions constitute a valid binding contract enforceable against Defendants. The Court finds that (a) facilitating others to use TracFone/NET10/Safelink Prepaid Phones in conjunction with service providers other than TracFone, (b) tampering with or

4

altering TracFone/NET10/Safelink Prepaid Phones or the Phones' software, entering unauthorized PIN numbers in the Phones for purposes of unlocking or reflashing the Phones, or facilitating others in such acts, and/or (c) exporting TracFone/NET10/Safelink Prepaid Phones outside of the Coverage Area, or assisting others in such acts, respectively, constitute independent breaches of contract for which TracFone is entitled to relief.

7. The Court further finds that Defendants' conduct has caused substantial and irreparable harm to TracFone, and will continue to cause substantial and irreparable harm to TracFone unless enjoined.

8. TracFone is entitled to injunctive relief and damages on the claims set forth in the Complaint.

9. On November 27, 2006, the Librarian of Congress, upon the recommendation of the Register of Copyrights, issued a Final Rule setting forth six (6) classes of copyrighted works that are exempt from the provisions of the DMCA, including:

> Computer programs in the form of firmware that enable wireless telephone handsets to connect to a wireless telephone communication network, when circumvention is accomplished for the sole purpose of lawfully connecting to a wireless telephone communication network.

71 Fed. Reg. 68472 (Nov. 27, 2006) (amending 37 C.F.R. § 201.40(b)).  The Court finds that this new exemption does not absolve the Defendants of liability for their violations of the DMCA as alleged in TracFone's complaint, because the Defendants' conduct as alleged in this case does not come within the scope of the new exemption.  The Defendants' purchase and resale of the TracFone handsets was for the purpose of reselling those handsets for a profit, and not "for the sole purpose of lawfully connecting to a wireless telephone communication network."  Because

the exemption does not apply to the conduct alleged in this case, there is no need for the Court to address the validity of the exemption or the circumstances surrounding its enactment.

   10. Final judgment is hereby entered, jointly and severally, against Defendants, Delta Games, Inc., a California corporation ("Delta Games"), Mohamad Farhat, individually and Hassan Matar, individually, and in favor of the Plaintiff, TracFone Wireless, Inc., on all of the claims set forth in TracFone's complaint, in the principal amount of FIVE MILLION DOLLARS AND ZERO CENTS ($5,000,000.00), for which let execution issue forthwith.

   11. Defendants, and each and all of their past and present respective officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, agents, employees, attorneys, accountants, investigators, consultants, heirs, personal representatives, beneficiaries, relatives, and all other persons acting or purporting to act for him/her/it or on his/her/its behalf, including but not limited to any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with any Defendant or any Defendant's representatives, agents, assigns, parent entities, employees, independent contractors, accountants, attorneys, associates, servants, affiliated entities, and any and all persons and entities in active concert and participation with any Defendant are PERMANENTLY ENJOINED from:

   a. purchasing and/or selling any wireless mobile phone that they know or should know bears, or once bore, any TracFone, NET10 or Safelink Trademark, any other trademark owned or used by TracFone, or any other model of wireless mobile phone sold or marketed by TracFone ("TracFone/NET10/Safelink Handsets").  Specifically, the Defendants are enjoined from purchasing and/or selling all models of TracFone/NET10/Safelink Handsets currently offered for sale by TracFone, or that may be offered for sale in the future, as listed and updated from time to time on TracFone's websites, http://tracfone.com/activation_pick_brand.jsp, www.net10.com and

    www.safelink.com, including, without limitation, the following models of wireless phones:

    b.

| | | |
|---|---|---|
| Motorola W175 | Motorola C155 | LG 225 |
| Motorola C139 | Motorola C343 | LG 600G |
| Motorola C261 | Motorola V60 | LG 300G |
| Motorola W260g | Nokia 1600 | LG 400G |
| Motorola W370 | Nokia 2126 | LG 3280 |
| Motorola W370R | Nokia 2126i | LG CG225 |
| Motorola W375g | Nokia 2600 | LG 1500 |
| Motorola W375 | Nokia 1100 | LG 200C |
| Motorola V176 | Nokia 1112 | Kyocera K126C |
| Motorola V170 | Nokia 1221 | |
| Motorola V171 | Nokia 2285 | |

  c. reflashing and/or unlocking of any TracFone/NET10/Safelink Handset;

  d. accessing, altering, erasing, tampering with, deleting or otherwise disabling TracFone's proprietary prepaid cellular software contained within any and all models of TracFone/NET10/Safelink Handsets;

  e. facilitating or in any way assisting other persons who Defendants know or should know are engaged in reflashing and/or unlocking TracFone/NET10/Safelink Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in TracFone/NET10/Safelink Handsets;

  f. facilitating or in any way assisting other persons who Defendants know or should know are engaged in any of the acts prohibited under this permanent injunction including, without limitation, the buying and/or selling of unlocked and/or reflashed TracFone/NET10/Safelink Handsets; and

  g. knowingly using the TracFone Trademarks or any other trademark owned or used by TracFone, or that is likely to cause confusion with TracFone's Trademarks, without TracFone's prior written authorization.

7

12.     The address of Defendant Delta Games, Inc. is Denim Palace, 82227 Highway 11, Suite A-16, Indio, CA 92201.

13.     The address of Defendant Mohamad Farhat is 83256 Plaza De Oro, Coachella, CA 92236.

14.     The address of Defendant Hassan Matar is 7020 Prospect Ave., Bell, CA 90201.

15.     The address of Plaintiff, TracFone Wireless, Inc., is 9700 NW 112th Avenue, Miami, Florida 33178.

16.     The Court retains jurisdiction over this matter and the parties to this action in order to enforce any violation of the terms of this Permanent Injunction by a finding of contempt and an order for payment of compensatory damages to TracFone Wireless, Inc. in the amount of $5,000 for each wireless phone bought, sold, unlocked, reflashed and/or shipped in violation of this permanent injunction, upon TracFone's filing of an Affidavit of Default.

DONE AND ORDERED April 24, 2009

*[signature]*

_____
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:
James B. Baldinger
Richard M. Ewaniszyk

8